**Charles R. COATNEY, Plaintiff,**

v.

**James C. PURKHISER, Jr., Defendant.**

**Civ. A. No. 83–19.**

United States District Court,
E.D. Kentucky,
Covington Division.

Jan. 16, 1985.

James M. Moore, Cincinnati, Ohio, Donald J. Ruberg, Covington, Ky., for plaintiff.

Howell W. Vincent, Covington, Ky., for defendant.

**ORDER**

BERTELSMAN, District Judge:

This matter is before the court on the motion of the defendant for a new trial. The defendant asserts as a ground for his motion the fact that the court precluded

such double litigation (including possibly inconsistent results) have already been adverted to more than once.

him from calling certain witnesses because he had not listed them in the witness list required by the court's standard pretrial order.

The court was well within its discretion in making such ruling. If parties could freely call witnesses not listed in response to the court's pretrial order, we might just as well call it a "pretrial suggestion." Discretion to prohibit the calling of witnesses under these circumstances exists under both Kentucky and federal law. *See,* W. Bertelsman & K. Philipps, 6 *Kentucky Practice* Ky.C.R. 16, p. 340 n. 4 (4th ed. 1984); *Dabney v. Montgomery Ward,* 692 F.2d 49, 51 (8th Cir.1982) *cert. denied,* 461 U.S. 957, 103 S.Ct. 2429, 77 L.Ed.2d 1316 (1983); *Kozar v. Chesapeake and Ohio Ry.,* 320 F.Supp. 335, 374 (W.D.Mich.1970), *modified on other grounds,* 449 F.2d 1238 (6th Cir.1971); *Franklin Music Co. v. American Broadcasting Co., Inc.,* 616 F.2d 528, 539–40 (3rd Cir.1980); *Commercial Union Ins. Co. v. M/V Bill Andrews,* 624 F.2d 643, 648–49 (5th Cir.1980). *See* 3 Moore's *Federal Practice* ¶ 16.14 (2d ed. 1984); 6 Wright & Miller, *Federal Practice and Procedure* § 1527 (1971).

Here, unlike the situation in *Dabney, supra,* no excuse was shown for failing to have listed the witnesses in compliance with the pretrial order or otherwise to have advised opposing counsel of their existence. No good cause or excuse was shown by the defendant for failing to comply with the pretrial order. These witnesses were first proffered on the morning of trial, and it would have been unfairly prejudicial to the other side to permit them to be called. For the above reasons, the court being advised,

IT IS ORDERED that the motion of the defendant for a new trial be, and it is, hereby DENIED.